# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2015

Lyle W. Cayce
Clerk

JOSEPH BARBER, JR.; BRENDA BARBER,

Plaintiffs - Appellees

v.

FRANCIS MOGAVERO, individually,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-2232

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM*:

Plaintiffs Joseph Barber, Jr. ("Barber") and his wife Brenda Barber filed suit pursuant to 42 U.S.C. § 1983 and Louisiana state law against Officer Francis Mogavero of the Shreveport Police Department in his individual capacity, alleging that Mogavero falsely arrested Barber and subjected him to excessive force. The case arises from a verbal dispute between Barber and a concession stand worker at a college football game. Mogavero responded to the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

scene, physically struck Barber at least twice, causing broken facial bones, and arrested Barber for public drunkenness and simple assault.

In the district court, Mogavero filed a motion for summary judgment, asserting that he was entitled to qualified immunity on the individual capacity claims asserted against him. The district court denied the motion on the ground that there were genuine disputes of material fact surrounding Barber's arrest and that Mogavero had not demonstrated as a matter of law that he was entitled to qualified immunity on the Plaintiffs' § 1983 claims. Mogavero timely filed this interlocutory appeal.

The denial of a motion for summary judgment based on qualified immunity, to the extent that it turns on questions of law, is a collateral order capable of immediate review. *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007). Where, as here, the district court denies summary judgment on the ground that genuine disputes of material fact exist, we lack jurisdiction to review whether a genuine fact issue exists. *Id.* We may only review the materiality of the dispute—that is, "the legal sufficiency of the facts that the district court found to be supported by the summary judgment record." *Id.* "In so doing, [we] assume[] that the plaintiff's factual assertions are true and determine[] whether those facts are sufficient to defeat the defendant's motion for summary judgment." *Id.*[1] Mogavero is entitled to qualified immunity

---

[1] Mogavero states that, in addition to having jurisdiction to review the district court's denial of qualified immunity on the Plaintiffs' § 1983 claims, we have jurisdiction to review whether the Plaintiffs' Louisiana state-law claims should have been dismissed. He argues in passing that he is entitled to qualified immunity on the state-law claims because those claims rely on the same standards of law as the § 1983 claims. We do not address whether the district court should have dismissed the Plaintiffs' state-law claims. Mogavero failed to address these claims in his motion for summary judgment before the district court (consequently, the district court did not address this issue). *See Sw. Bell Tel., L.P. v. City of Hous.*, 529 F.3d 257, 263 (5th Cir. 2008) ("This Court will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances." (citation and internal quotation marks omitted)). Moreover, Mogavero's scarce briefing on the state-law claims in the district court and on appeal fails to demonstrate that we have jurisdiction to consider

No. 15-30009

unless he violated Barber's constitutional rights and his actions were objectively unreasonable in light of clearly established law. *See Harris v. Serpas*, 745 F.3d 767, 772 (5th Cir.), *cert. denied*, 135 S. Ct. 137 (2014). Mogavero does not dispute that under clearly established constitutional law Barber had the right to be free from arrest without a warrant or probable cause and the right to be free from excessive use of force.

There are sufficient facts to support that Mogavero lacked probable cause to arrest Barber for public drunkenness and simple assault and that he acted objectively unreasonably in concluding that he had probable cause. *See Crostley v. Lamar Cnty.*, 717 F.3d 410, 422–23 (5th Cir. 2013) (explaining that, in the context of a false arrest claim, an officer is entitled to qualified immunity unless there was not probable cause for the arrest and a reasonable officer would not conclude there was probable cause for the arrest).   As to probable cause to arrest Barber for public drunkenness, the following facts are material: there was evidence that five hours or more passed between Barber's last consumption of alcohol and the incident; the concession employee that requested assistance from Mogavero testified that Barber did not appear visibly intoxicated; and, although Mogavero testified that he observed Barber moving and responding as if intoxicated, he did not smell alcohol on his breath or question or examine Barber further regarding alcohol consumption or intoxication before arresting him. *See* SHREVEPORT, LA., CODE OF ORDINANCES § 50-152 (prohibiting public drunkenness).   As to probable cause to arrest Barber for simple assault, it is material that there was testimony by multiple witnesses that Barber did not use physical force, attempt to use physical force,

them on interlocutory appeal. *See, e.g.*, *Burge v. Parish of St. Tammany*, 187 F.3d 452, 482–83 (5th Cir. 1999) (addressing appellate jurisdiction over state-law claims in an interlocutory appeal of the denial of qualified immunity on § 1983 claims).

No. 15-30009

or act threatening toward anyone, including toward Mogavero. *See* LA. STAT. ANN. §§ 14:36, 14:38 (defining assault and simple assault).

There are likewise sufficient facts to support that Mogavero caused (substantial) injury to Barber through use of excessive force that was clearly unreasonable. *See Harris*, 745 F.3d at 772 ("To prevail on an excessive force claim, a plaintiff must establish: (1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." (citation and internal quotation marks omitted)). There is testimony by multiple witnesses that Mogavero struck Barber in the chest and then punched him in the face one or more times without any precipitating aggressive or threatening actions by Barber and before Mogavero told Barber that he was under arrest. The level of force used by Mogavero knocked Barber unconscious, broke bones in his face, and caused nerve damage.

Accordingly, assuming the truth of Plaintiffs' evidence, as we must at this stage, this evidence is sufficient to preclude summary judgment based on Mogavero's claim of qualified immunity.

AFFIRMED.